UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

JAHNOMI BENJAMIN,

Defendant.

15-CR-445-15 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has received a motion, Dkt. 1134 ("Mot."), from defense counsel seeking defendant Jahnomi Benjamin's compassionate release from the United States Penitentiary, Canaan ("USP Canaan") in Waymart, Pennsylvania, pursuant to 18 U.S.C. § 3582(c), in light of the ongoing COVID-19 pandemic. The Government opposes this motion. Dkt. 1139 ("Gov't. Opp."). For the reasons that follow, the Court grants Benjamin's motion.

Benjamin, a member of the 18 Park gang, pled guilty to racketeering conspiracy in violation of 18 U.S.C. § 1962(d) ("Count One") and to possession and use of a firearm in relation to a crime of violence and a narcotics conspiracy in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count Two"). Mot. at 3. The Court imposed sentence on April 11, 2017. Dkt. 755 ("Sent. Tr."). The Presentence Report, Dkt. 564, calculated a sentencing guidelines range of 63 to 78 months' imprisonment on Count One and a five-year mandatory consecutive sentence on Count Two, for a total guideline sentence of 123 to 138 months, and the Court adopted that calculation, see Sent. Tr. at 9. However, the Court determined that a downward departure was warranted, pursuant to U.S.S.G. § 5K2.23, based on Benjamin's having served substantial time in state custody for robbery offenses that all agreed constituted relevant conduct to Benjamin's federal

offenses. *Id.* at 10–11. Specifically, as of the date of sentencing, Benjamin had been in state custody since December 12, 2011 on these offenses. *Id.* at 11. The Court determined that the most effective way to credit Benjamin for the time served on the state robbery offenses was to shorten his federal sentence by the amount of time served in state custody. *Id.* at 11–16. Considering the 3553(a) factors, *id.* at 28–42, the Court imposed a sentence of one day on Count One, followed by the mandatory consecutive sentence of five years' imprisonment on Count Two. The Court explained that the sentence on Count One was 64 months shorter than it otherwise would have been, to account for Benjamin's time in state custody, *id.* at 43.

On August 21, 2020, Benjamin moved for compassionate release on grounds relating to the COVID-19 pandemic. He argues that various factors support his release today, including the fact that he has already served a substantial portion of his sentence, his particular vulnerability as an asthmatic to COVID-19, the conditions at USP Canaan, and his progress and good behavior during his state and federal sentences. *See* Mot. at 8–28.

On August 28, 2020, the Government filed its opposition. It opposes early release on the grounds that Benjamin has not established compelling and extraordinary reasons that warrant his release because asthma is not on the Centers for Disease Control's ("CDC's") list of conditions that necessarily put an individual at greater risk of COVID-19, and that, given the violent nature of Benjamin's crimes, his release would result in a sentence incompatible with the 18 U.S.C. § 3553(a) factors. Gov't. Opp. at 1–2. On August 28, 2020, Benjamin filed a reply, principally addressing the Government's characterization of the portion of his sentence that he has already served. Dkt. 1141. On September 9, 2020, Benjamin supplemented his motion with additional documents evidencing his eligibility for home detention on April 7, 2021 and evidencing certificate course he completed during his sentences. Dkt. 1142.

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf," a court may grant early release if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A). The Government concedes that Benjamin has fully exhausted all administrative remedies. *See* Gov't. Opp. at 1 n.1.

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a sentence reduction. *United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (quoting 28 U.S.C. § 994(t)). Relevant here, the Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[1] U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). To qualify for such a reduction, the defendant also must not be a danger to the community and the reduction must otherwise be consistent with the Commission's policy statement. *Id.* § 1B1.13(2)–(3).

---

[1] U.S.S.G. § 1B1.13(1)(A) references only "a motion of the Director of the Bureau of Prisons" as the only means by which a court may reduce a term of imprisonment because it has not yet been updated to reflect the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which allows defendants independently to seek compassionate release relief from federal courts. *Ebbers*, 432 F. Supp. 3d at 422–23, 427.

3

The first of these factors favors Benjamin's release. The COVID-19 pandemic is extraordinary and unprecedented in modern times in this nation. It presents a clear and present danger to free society for reasons that need no elaboration. The crowded nature of federal prisons presents an outsize risk that the COVID-19 contagion, once it gains entry, will spread.[2] For these reasons, in the past several months, numerous courts, including this one, have ordered the temporary release of inmates held in pretrial or presentencing custody and, in more limited instances, the compassionate release of inmates serving federal sentences.[3]

---

[2] *See* Timothy Williams, et al., *'Jails Are Petri Dishes': Inmates Freed as the Virus Spreads Behind Bars*, N.Y. Times (May 20, 2020), https://www.nytimes.com/2020/03/30/us/coronavirus-prisons-jails.html; *see also United States v. Nkanga*, No. 18 Cr. 713 (JMF), 2020 WL 1529535, at *1 (citing *Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctrs. for Disease Control and Prevention 2 (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf) (highlighting danger faced by those in jails and prisons).

[3] *See, e.g., United States v. Chandler*, No. 19 Cr. 867 (PAC), 2020 WL 1528120, at *1–3 (S.D.N.Y. Mar. 31, 2020) (granting bail application, pursuant to 18 U.S.C. § 3142(i), of defendant charged with being a felon in possession of a firearm); *United States v. McKenzie*, No. 18 Cr. 834 (PAE), 2020 WL 1503669, at *2–3 (S.D.N.Y. Mar. 30, 2020) (granting bond pending sentencing, pursuant to 18 U.S.C. § 3145(c), to defendant who had pleaded guilty to single count of assault with a deadly weapon and had previously been released on bond); *United States v. Hernandez*, No. 19 Cr. 169 (VM), 2020 WL 1503106, at *1 (S.D.N.Y. Mar. 30, 2020) (granting bail application, pursuant to § 3142(i), of 64-year-old defendant with asthma and high blood pressure that placed him "at a substantially heightened risk of dangerous complications should he contract COVID-19"); *United States v. Witter*, No. 19 Cr. 568 (SHS), Dkt. 40 at 2–3 (S.D.N.Y. Mar. 26, 2020) (granting bond pending sentencing, pursuant to § 3145(c), to defendant who had pleaded to a narcotics offense); *United States v. Perez*, No. 19 Cr. 297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) (granting bail application, pursuant to § 3142(i), of 65-year-old defendant with COPD, in light of "unique confluence of serious health issues and other risk factors facing this defendant, . . . which place him at a substantially heightened risk of dangerous complications should [he] contract COVID-19"); *United States v. Knox*, No. 15 Cr. 445 (PAE), Dkt. 1088 (S.D.N.Y. Apr. 10, 2020) (granting compassionate release motion, pursuant to 18 U.S.C. § 3582(c), of defendant who had less than seven months left to serve out of 88-month sentence); *United States v. Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 (S.D.N.Y. Apr. 6, 2020) (ordering compassionate release of defendant with Crohn's disease who had served all but 34 days of a 4-month sentence); *see also United States v. Stephens*, 447 F. Supp. 3d 63, No. 15 Cr. 95, 2020 WL 1295155 (AJN), at *3 (S.D.N.Y. Mar. 19, 2020) (granting

Benjamin argues that he has heightened vulnerability to COVID-19 because he suffers from chronic asthma. Mot. at 21–25. He states that, over the last five years, he has repeatedly sought, treatment for this asthma from the BOP, including inhaler refills. *Id.* at 24–25. Benjamin further states that he has experienced a seizure while in custody. *Id.* Benjamin acknowledges that he is not the "most vulnerable inmate," but describes himself as a "particularly vulnerable inmate." *Id.* at 24 (emphasis omitted). The Government counters that the CDC has not included asthma on its list of conditions that necessarily put an individual at greater risk of serious illness as a result of COVID-19. Gov't. Opp. at 2. And, although the Government acknowledges that moderate-to-severe asthma may put an individual at higher risk of developing a severe case of COVID-19, it contends that Benjamin's asthma is neither moderate nor severe. *Id.*

COVID-19 presents a heightened risk for incarcerated defendants like Benjamin with respiratory ailments such as asthma. The CDC warns that persons with asthma are at high risk of serious illness if they contract the disease.[4] Although Benjamin is not presently using his inhaler, Gov't. Opp. at 2, he has a documented history of chronic asthma and related ailments, dating to childhood, that likely constitutes, at minimum, moderate asthma, *see* Mot. at 21–25. The Court accordingly finds that, in light of the heightened medical risk presented to Benjamin by the COVID-19 pandemic, and the potentially dire consequences were he to contract the disease, extraordinary and compelling reasons justify reducing Benjamin's sentence in the

---

defendant's request for reconsideration of bail conditions and releasing him to home confinement, while noting that, in the alternative, § 3142(i) would necessitate his temporary release).

[4] *See People with Moderate to Severe Asthma*, Ctrs. for Disease Control & Prevention (Sept. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html.

manner requested—to wit, releasing Benjamin early from custody to commence the term of supervised release.

The Court is satisfied that Benjamin presents a relatively minimal "danger to the safety of any other person or to the community," U.S.S.G. § 1B1.13(2), and, in all events, no more so now than he would pose upon his scheduled release in October 2021. To be sure, as the Government notes, Benjamin engaged in violent acts as a member of the 18 Park gang. Gov't. Opp. at 2. On the other hand, that gang was substantially dismantled by the Government's prosecution of more than two dozen of its members, including its leaders, and Benjamin's record does not reflect an inclination to commit violent crimes outside of the 18 Park context. Moreover, as the defense validly notes, Benjamin committed these crimes as a teenager and, between his federal and state prison terms, has served almost nine years in custody since. He is also eligible to serve the last 12 months of his sentence in a halfway house or the last six months in home detention. And the Court is at liberty to impose a condition of home detention to cover Benjamin's initial period of supervised release, which—given Benjamin's powerful incentive not to breach the terms of supervised release and risk return to prison—should help discourage him from committing crimes. Mot. at 26.

Benjamin's early release is also compatible with the § 3553(a) factors, as assessed in combination today. Including the 64 months served in state custody, which the Court credited him at sentencing, Benjamin has served just under nine years of the 124-month sentence that the Court found warranted at sentencing. Although the § 3553(a) factors (particularly the seriousness of Benjamin's offenses) earlier led the Court to conclude that such a sentence was necessary, several § 3553(a) factors take on different weight today in light of the pandemic. In particular, § 3553(a) requires a sentencing court to consider the "history and characteristics of

the defendant" and "the need to provide the defendant with needed . . . medical care." 18 U.S.C. § 3553(a). Viewed now in the light of a raging and virulent pandemic which poses a special risk to Benjamin's health during continued prison service, these factors support his release today, with the direction that he serve his first six months of supervised release in home confinement. Benjamin's release today is also compatible with the § 3553(a) factors that principally justified the sentence originally imposed, including "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law[,] . . . to provide just punishment for the offense[,] . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." That is particularly so given the unexpectedly harsh conditions under which the last six months of Benjamin's prison term have been served, and given the relatively modest nature of the sentencing reduction sought.[5] The Court's decision to grant compassionate release here aligns with its grants of compassionate release to defendants with heightened vulnerability to COVID-19 who had served well over half of their sentences.[6]

---

[5] The Government argues that Benjamin has not served sufficient time for his sentence to reflect his crimes, stating that "Benjamin still has over one year left on his 60-month and one-day sentence." Gov't Opp. at 2. For the reasons noted above, once Benjamin's 64 months in state prison are accounted for, he is properly viewed as having served close to 90% of his sentence. In all events, however tabulated, Benjamin has served the substantial majority of the sentence imposed.

[6] *See, e.g.*, *United States v. Wilson*, 16 Cr. 317 (PAE), Dkt. 656 at 4–7 (S.D.N.Y. Aug. 31, 2020) (ordering compassionate release of defendant with heighted vulnerability who had served the substantial majority of his sentence and played a low-level role in a drug trafficking conspiracy); *United States v. Simon*, 18 Cr. 390 (PAE), Dkt. 507, at 5–9 (S.D.N.Y. Aug. 27, 20) (ordering compassionate release of elderly defendant, who had serious medical conditions and played a low-level role in a drug trafficking conspiracy); *United States v. Davies*, No. 18 Cr. 390 (PAE), Dkt. 479 at 4–7 (S.D.N.Y. June 26, 2020) (same); *United States v. Brown*, No. 18 Cr. 390 (PAE), Dkt. 472 at 4–7 (S.D.N.Y. June 17, 2020) (same); *Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 at 2–4 (ordering compassionate release of defendant with an immune-inflammatory disease who had

Accordingly, finding that the § 3553(a) factors support a reduction of sentence, the Court grants Benjamin's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Benjamin is to be released by Friday, September 18, 2020, to commence serving his term of supervised release, the first four months of which will be subject to a term of home confinement. By noon on Thursday, September 17, 2020, counsel, in consultation with the Probation Department, are jointly to supply the Court with a proposed order setting out the location and other terms of home confinement.

The Clerk of Court is respectfully directed to terminate the motions pending at dockets 1134, 1141, and 1142.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: September 15, 2020
       New York, New York

---

served all but 34 days of a four-month sentence); *United States v. Hernandez*, — F. Supp. 3d —, No. 18 Cr. 834 (PAE), 2020 WL 1684062, at *3 (S.D.N.Y. Apr. 2, 2020) (ordering compassionate release of defendant with asthma who had served 17 months of a 24-month sentence, was scheduled for release in four months, and was not a danger to the public).